UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_GLENN JOHNSON_

_____

Write the full name of each plaintiff.

No. _____
(To be filled out by Clerk's Office)

-against-

_CITY OF NEW YORK_

_NEW YORK CITY TRANSIT BOROUGH MANHATTAN TASK_

_FORCE, Police OFFICER CLAUDIO DIAZ #16786,_

_LIEUTENANT LYNDON TUCKETT, JOHN AND JANE DOES 1-6 P.O._

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☑ Violation of my federal constitutional rights

☑ Other:   *False Arrest, maliciously Prosecuted, False imprisonment*

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

*Glenn*                                                 *Johnson*
First Name                     Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

*I.D.#3492201707*                          *NYSID#04161411K*
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

*ANNA. M. KROSS, CeNTeR.  C-95*                          *A.M.K.C.*
Current Place of Detention

*18-18 HAZeN STReeT*
Institutional Address

*EAST EIMHursT*                 *New york*          *11370.*
County, City                              State              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other:

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:    CLAUDIO            DIAZ              #16786
_____
First Name        Last Name              Shield #

Police Officer
_____
Current Job Title (or other identifying information)

TRANSIT BOROUGH MANHATTAN TASK FORCE
_____
Current Work Address

NEW YORK              NEW YORK
_____
County, City              State              Zip Code

Defendant 2:    LYNDON            TUCKETT            # 00000
_____
First Name        Last Name              Shield #

LIEUTENANT
_____
Current Job Title (or other identifying information)

TRANSIT BOROUGH MANHATTAN TASK FORCE
_____
Current Work Address

NEW YORK              NEW YORK
_____
County, City              State              Zip Code

Defendant 3:    JOHN              DOE
_____
First Name        Last Name              Shield #

Police Officer
_____
Current Job Title (or other identifying information)

TRANSIT BOROUGH MANHATTAN TASK FORCE
_____
Current Work Address

NEW YORK              NEW YORK
_____
County, City              State              Zip Code

Defendant 4:    JANE              DOE
_____
First Name        Last Name              Shield #

Police Officer
_____
Current Job Title (or other identifying information)

TRANSIT BOROUGH MANHATTAN TASK FORCE
_____
Current Work Address

NEW YORK              NEW YORK
_____
County, City              State              Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: SUBWAY STATION 8TH AVENUE AND WEST 42ND STREET NEWYORK, N.Y.

Date(s) of occurrence: OCTOBER 2, 2019

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

The Following is a summary and does not include all details concerning the incident. Case # CR-031602-19 NY. Claimant was illegally stopped, searched and arrested, without cause or justification. Claimant was falsely arrested, imprisoned and maliciously prosecuted based upon lies told by the NYPD Police Officers John and Jane Does 1-6 and the failure of other officers to intervene. On October 02, 2019, at 8:05 P.M. in the subway station at 8th avenue and West 42nd Street in the county and state of Newyork, claimant was unlawfully stopped, searched and arrested. Claimant did not commit any criminal acts Assault in the third degree, criminal possession of a weapon in the fourth degree, aggravated harrasment in the second degree, sale or possession of a Teargas- not DNA eligible. Nor did he assault anybody with a weapon. Bail was set at arraignment. On October 2, 2019, claimant charges was all dropped and dismissed on August 11, 2022. Claim for personal, emotional and physical injuries sustained by claimant as a result of intentional, reckless, and negligent conduct by agents, servants and employees of the City of Newyork (City) and the Newyork City Police Department (NYPD).

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

The claimant was subjected to personal and physical injuries, an unlawful seizure, false arrest and imprisonment, malicious prosecution, abuse of process, negligence, intentional and negligent infliction of emotional distress, harrassment, unconstitutional conditions of confinement, and to a deprivation of, his constitutional, civil and common law rights. As a result of the officers actions, claimant experienced personal, physical and emotional injuries, pain and suffering, fear, and invasion of privacy

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

Psychological pain, emotional distress, mental anguish, embarrassment, and humiliation. Claimant was incarcerated from October 2, 2019 until August 11, 2022. Claimant attended multiple court appearances. Case dismissed August 11, 2022. Case#CR-031602-19NY "Also damages for car loss GMC Terrain 2010 and social security disability stopped $ 780.00 monthly." Seeks damages for his loss of liberty from being detained for nearly 12 months" emotional pain and suffering that caused him emotional pain mental anguish significant loss of sleep, humilation and embassment in front of his family paranoia from a fear of being falsely targeted again by law enforcement and a loss in his sense of security in his own neighborhood. claimed: $1,000,000.00

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.**

| | |
|---|---|
| _6/15/23_ | _Glenn Johnson_ "PROSE" |
| Dated | Plaintiff's Signature |
| _GlENN_ | _JoHNSON_ |
| First Name | Middle Initial     Last Name |

_ANNA. M. KROSS. CeNTeR. 18-18 HAZeN STReeT_
Prison Address

| | | |
|---|---|---|
| _EAST ElMHuRST_ | _New YORK_ | _11370._ |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:    _6/15/23_



www.comptroller.nyc.gov

**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET  ROOM 1200**
**NEW YORK, N.Y.  10007-2341**

**Brad Lander**
**COMPTROLLER**

015 - 151

Date:        11/4/2022
Claim Number: 2022PI031537
RE:       Acknowledgment of Claim
Your Claim/Policy#: 2022PI029974

GLENN JOHNSON 349-22-01707
11-11 HAZEN ST
E ELMHURST NY 11370

Dear Claimant:

We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence.**

If you have any questions regarding your claim, you may contact us at 212-669-4729 for claims involving personal injury.

If you need to communicate in a language other than English, please let us know, and we will make translation services available to you.

Sincerely,

Bureau of Law & Adjustment

MTA 2124245786                                    2/5

10/2/19
arrest

**CRIMINAL COURT OF THE CITY OF NEW YORK**
**PART B, COUNTY OF NEW YORK**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | SUPPORTING DEPOSITION |
| vs. | C.P.L. §100.20 |
| | Docket No |
| Johnson, Glenn | CR-031602-19NY |
| | Adjourned Date   10/8/2019 |
| Defendant(s) | 11/7/19 |

    I, Lieutenant Lyndon Tuckett, Shield 00000 of the Transit Borough Manhattan Task Force, being duly sworn, depose and say:

    that I have read the Accusatory Instrument filed in the above-entitled action and attached here and that the facts therein stated to be on information furnished by me are true upon my person knowledge.

*False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and as other crimes.*

_____          10/07/2018
Signature                                  Date

# Criminal Court of the City of New York
## New York County
### Misdemeanor Complaint

AR3A        M

The People of the State of New York

vs.

| DEFENDANT: | CHARGES: | DOCKET NUMBER: |
|---|---|---|

**DEFENDANT:**

Glenn Johnson                    (M 59)
M19644023    10/02/2019 20:20
880 BOYNTON AVENUE
BRONX NY 10473

M19644023

**CHARGES:**

PL 120.00(1)
PL 120.00(2)
PL 265.01(1)
PL 265.01(2)
PL 240.30(4)
PL 110/120.00(1)
AC 10-131(e)(1)
PL 240.26(1)

**DOCKET NUMBER:**

CR-031602-19NY

MISDEMEANOR

Interpreter: Language _____    Screener: MCCONNELL, MICHAEL - TB40

**Notices Served at Arraignment:**
- ☐ CPL 710.30(1)(A) - Statement
- ☐ CPL 710.30(1)(B) - Identification
- ☐ CPL 250.20 - Alibi
- ☐ PL 450.10(48 hrs /15 days) - Property
- ☐ CPL 170.20 - Grand Jury
- ☐ Cross Grand Jury
- ☐ OTHER: _____

**Documents:**

| Served at Arraignment: | Needed For Conversion |
|---|---|
| ☐ Supporting Deposition | ☐ |
| ☐ DMV Abstract | ☐ |
| ☐ Lab Report/ Field Test | ☐ |
| ☐ DWI Paperwork | ☐ |
| ☐ Domestic Incident | |
| ☐ Family Registry | |
| ☐ Underlying T.O.P. | ☐ |

**Disposition:**
- ☐ ACD - CPL 170.55
- ☐ ACD - CPL 170.56
- ☐ Waives Prosecution by Information
  and Pleads Guilty to
  PL 240.20/ _____
- ☐ Investigation & Sentence Ordered
- ☐ DNA -Eligible Misdemeanor
- ☐ DNA Sample Taken

**Adjournment:**

Part: _____ Date: _____

**Securing Order:**
1. ☐  Release on Recognizance (ROR)
2. ☐  Release under Supervision (RUS)
3. _____ Insurance Company Bond
4. _____ Cash
5. _____ Credit Card
6. _____ Bond  ☐ Surety  ☐ Appearance
   ☐ Unsec  ☐ Partial Sec  ☐ Sec
- ☐ ART 730 Exam Ordered
- ☐ Protective Custody     ☐ Medical Attention
- ☐ Psychiatric Evaluation  ☐ Suicide Watch
- ☐ Deemed an Information
  Defense Motions Due: _____
- ☐ T.O.P. / F.O.P.

**Sentence (or Promise):**

_____ days jail

Conditional Discharge:

_____ Days Community Service

_____ Days Jail Alternative

Other: _____

Mandatory Surcharge (and CVAF):
- ☐ Judgment Entered - All Fees
- ☐ $200 Misd.  ☐ $120 Viol.  ☐ $88 VTL*
- ☐ $395 VTL1192 Misd.*  ☐ $255 VTL1192(1) Infrac.*
*(For offenses on or after August 1, 2008)
- ☐ $50 - DNA Fee

| Arresting Officer | Court Reporter | Date | Part |
|---|---|---|---|
| CLAUDIO DIAZ | | | |

Judge: _____

CRC 3195 (rev  6/18)

Certificate #: U-000019834-N

Page 1 of 2



# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013

Phone: (646) 386-4500  Fax: (212) 374-5293

# NO FEE
**Non-Public Version**

Court ORI: NY030033J

| | |
|---|---|
| The People of the State of New York<br>vs.<br>**Glenn Johnson** | **Certificate of Disposition**<br>Docket Number:   **CR-031602-19NY**<br><br>CJTN:           69170741P<br>NYSID:          04161411K |

Defendant DOB: **06/05/1960**

Arrest Date: **10/02/2019**        Arraignment Date: **10/03/2019**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |
| 2 | PL 120.00 02 AM Aslt:Recklsly Cause Phys Injry **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |
| 3 | PL 265.01 01 AM Crim Poss Weap-4th:Firearm/Wep **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 08/11/2022 |
| 4 | PL 265.01 02 AM Crim Poss Weap-4th:Int To Use **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 08/11/2022 |
| 5 | PL 240.30 04 AM Agg Harass 2 - Injure Family **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |
| 6 | PL 110-120.00 01 BM Attempted Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | BM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |
| 7 | AC 10-131 (e) UM TEARGAS UNLAWFUL MANUFACTURE/SALE/POSS'N **SEALED 160.50** | UM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 08/11/2022 |
| 8 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:  **September 16, 2022**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition—are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any of its political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as

**SEALED**
**pursuant to Section 160.50 of the CPL**

defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50:        All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

Page 1 of 3

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

10/2/19

THE PEOPLE OF THE STATE OF NEW YORK

MISDEMEANOR
CR-03160279NY

-against-

Glenn Johnson (M 59),

                                    Defendant.

Police Officer Claudio Diaz, Shield #16786 of the Transit Borough Manhattan
Task Force, states as follows:

Charges 1, 2, 5, 6, 8
dropped on 11/15/19

**The defendant is charged with:**

1  PL 120.00(1)          Assault in the Third Degree
                         (defendant #1: 1 count)

2  PL 120.00(2)          Assault in the Third Degree
                         (defendant #1: 1 count)

DISMISSED   3  PL 265.01(1)  8/11/22   Criminal Possession of a Weapon in the Fourth
                                       Degree
                                       (defendant #1: 1 count)

DISMISSED   4  PL 265.01(2)  8/11/22   Criminal Possession of a Weapon in the Fourth
                                       Degree
                                       (defendant #1: 1 count)

5  PL 240.30(4)          Aggravated Harassment in the Second Degree
                         (defendant #1: 1 count)

6  PL 110/120.00(1)      Attempted Assault in the Third Degree
                         (defendant #1: 1 count)

DISMISSED   7  AC 10-131(e)(1)  8/11/22  Sale or possession of tear gas-Not DNA Eligible
                                         (defendant #1: 1 count)

8  PL 240.26(1)          Harassment in the Second Degree
                         (defendant #1: 1 count)

On or about October 2, 2019 at about 8:05 P.M., in the subway station at 8th Avenue & West 42nd Street in the County and State of New York, the defendant, with intent to cause physical injury to another person, caused such injury to another person; the defendant recklessly caused physical injury to another person; the defendant possessed an electronic stun gun; the defendant possessed a dagger, dangerous knife, dirk, machete, razor, stiletto, imitation pistol, and any other dangerous instrument or deadly weapon with intent to use the same unlawfully against another; the defendant, with the intent to harass, annoy, threaten and alarm another person, struck, shoved, kicked and otherwise subjected another person to physical contact thereby causing physical injury to such person and to a family and

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK                  MISDEMEANOR

-against-

Glenn Johnson (M 59),

Defendant.

household member of such person as defined in section 530.11 of the criminal procedure law; the defendant, with intent to cause physical injury to another person, attempted to cause such injury to another person; the defendant manufactured, sold and offered for sale, possessed and used, and attempted to use, a lachrymating, asphyxiating, incapacitating and deleterious gas and gases, and liquid and liquids, and chemical and chemicals, without a permit issued by the police commissioner; and the defendant manufactured, sold and offered for sale, possessed and used a weapon, candle, device, and an instrument of any kind designed to discharge, emit, release and use a lachrymating, asphyxiating, incapacitating and other deleterious gas and gases, and liquid and liquids, and chemical and chemicals, without a similar permit, similarly issued, and the defendant was not a member of the police department in the line of duty; the defendant, with intent to harass, annoy and alarm another, subjected that person to physical contact and attempted and threatened to do the same.

*The factual basis for these charges are as follows:*

I am informed by Jyshae Wiley, of an address known to the District Attorney's Office, that he observed the defendant spray him with a substance that caused redness and burning to his eyes.

The defendant admitted in substance to me that he sprayed the defendant with mace.

I apprehended the defendant on the southbound express platform at the above location. I am informed by Lieutenant Linden Tuckett of the Transit Manhattan Task Force that he recovered a black can of unlabeled mace from the southbound express track approximately twenty feet away from where I apprehended the defendant at the above location. I recovered a can of mace from the defendant's backpack that was identical in appearance to the can that Lieutenant Tuckett recovered. I have vouchered the above-described unlabeled cans of mace, and I know the they contain mace based on: 1) my training and experience as a police officer in the identification of mace; and 2) when I placed my hand on both cans I could feel mace residue/particles on the outside of said can.

The defendant admitted in my presence that he uses mace for his personal

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK          MISDEMEANOR

-against-

Glenn Johnson (M 59),

                                        Defendant.

protection and to protect his property.

     I also recovered a stun gun, which is an instrument capable of transmitting a high voltage electronic current, from the defendant's backpack. The defendant admitted in my presence that he bought the stun gun from someone in the Bronx for twenty dollars in United States currency, and that he uses it for personal protection.

     I know that the stun gun was operable and capable of stunning a person based on my training and experience and based on my observation that, when I pressed the trigger, I observed a strong spark between the electrodes of the weapon, indicating a high voltage electrical current.

**False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.**

_____          10/3/19   01:40
Police Officer Claudio Diaz                Date        Time

GlenN JoHNSoN I.D. 3492201707
A.M.K.C. C-95 QUAD 4 Lower
18-18 HAZEN STREET EAST EiMHURST
NEWYORK 11370.

RECEIVED
SDNY PRO SE OFFICE
2023 JUN 20 PM 4:12

Mail Leland ROCK LLP
THU 15 JUN 2023
PM

UNiTED STATES DiSTRiCT COURT
SouTHERN DiSTRiCT OF NEWYORK
500 PEARL STREET, PROSE iNTAKE UNiT
NEWYORK, NEWYORK 10007,

