UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN JOHNSON,

                              Plaintiff,

            -against-

CITY OF NEW YORK; NEW YORK CITY
TRANSIT BOROUGH MANHATTAN TASK
FORCE; POLICE OFFICER CLAUDIO DIAZ
#16786; LIEUTENANT LYNDON TUCKETT;
JOHN AND JANE DOES 1-6 P.O.,

                              Defendants.

23-CV-5264 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

        Plaintiff, who is currently detained at the Anna M. Kross Center  on Rikers Island, brings

this *pro se* action under 42 U.S.C. § 1983, asserting claims of false arrest and imprisonment and

malicious prosecution. By order dated June 29, 2023, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.   New York City Transit Bureau Manhattan Task Force

The Court must dismiss Plaintiff's claims against the New York City Transit Bureau Manhattan Task Force,[2] which is part of the New York City Police Department ("NYPD") because subdivisions of the City of New York, such as the NYPD and its bureaus, are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

---

[2] Plaintiff identifies this defendant in the complaint as the "New York City Transit Borough Manhattan Task Force." (Doc. 1 at 1.)

**B.      Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant City of New York through the U.S.

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further

instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary

for the Marshals Service to effect service upon Defendant City of New York.

If the complaint is not served within 90 days after the date the summons is issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

**C.      Lieutenant Tuckett, and Police Officers Diaz and John and Jane Doe**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying and serving defendants. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff does not provide

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

service addresses for Defendants Tuckett, Diaz, and the six unidentified John and Jane Doe police officers. Plaintiff supplies sufficient information in the complaint to permit the New York City Police Department to identify the police officers responsible for the alleged deprivation of Plaintiff's rights and the addresses where they can be served. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Police Department, must ascertain the identity and badge number of each John and Jane Doe whom Plaintiff seeks to sue here and the addresses where Tuckett, Diaz, and the newly identified defendants may be served. The New York City Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John and Jane Doe defendants. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if appropriate, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for Tuckett and Diaz, and, if necessary, the newly named John and Jane Doe defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.      New York Legal Assistance Group**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Transit Bureau Manhattan Task Force, sued herein as the "New York City Transit Borough Manhattan Task Force." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue a summons for the City of New York, complete the USM-285 forms with the address for this Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to mail an information package to Plaintiff and a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007.

Plaintiff is referred to the NYLAG Pro Se Clinic. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 30, 2023
        New York, New York

                                             VERNON S. BRODERICK
                                           United States District Judge

## DEFENDANT AND SERVICE ADDRESS

City of New York
New York City Law Department
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                Zip Code

Defendant 2:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                Zip Code

Defendant 3:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                Zip Code

Defendant 4:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
### New York  Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                    _____
Signature                                                           Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
New York | Legal Assistance Group

Name _____ Date of Birth _____

Facility _____

Identification # _____ Email (if available)_____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**